UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**EL CAPITAN SEAFOOD & MEXICAN RESTAURANT, INC.** d/b/a **EL CAPITAN SEAFOOD & MEXICAN RESTAURANT**, **RICHARD SERRANO**, and **LUIS FERNANDO JIMENEZ**,<br><br>　　　　Defendants. | Civil Action No.: |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants **EL CAPITAN SEAFOOD & MEXICAN RESTAURANT, INC. d/b/a EL CAPITAN SEAFOOD & MEXICAN RESTAURANT** ("El Capitan"), **RICHARD SERRANO** ("Serrano"), and **LUIS FERNANDO JIMENEZ** ("Jimenez") (collectively, "Defendants") from retaliating against current and former employees for exercising their rights under the FLSA and to require Defendants to pay current and former employees the monies these employees "kicked back" or returned to Defendants as a result of Defendants' retaliation in violation of Section 15(a)(3) of the Act.  29 U.S.C. § 215(a)(3).

1

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. §§ 1331 and 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant El Capitan is an Indiana corporation within this Court's jurisdiction with an office at 327 Main Street, Hobart, Indiana 46342. Defendant El Capitan operates as a Mexican seafood restaurant at the same address (327 Main Street, Hobart, Indiana 46342).

4. Defendant Serrano is the President and sole owner of El Capitan.

5. Defendant Jimenez is believed to be a manager of El Capitan.

6. Defendants Serrano and Jimenez have jointly managed and supervised El Capitan's operations and its employees at all relevant times. Specifically, Serrano has hired and fired employees, set their work schedules, and set their pay rates, and Jimenez has overseen the day-to-day operations of the restaurant.

7. Defendants Serrano and Jimenez have acted directly or indirectly in El Capitan's interests with respect to its employees and are therefore "employers" under the FLSA. 29 U.S.C. § 203(d).

8. At all relevant times, Defendants engaged in business within Lake County, within this Court's jurisdiction.

9. Furthermore, Defendants Serrano and Jimenez are co-owners of a second restaurant, El Capitan Houston- Seafood and Mexican Grill ("El Capitan-Houston"), in Houston, Texas.

10. El Capitan and El Capitan-Houston, Texas use the same branding and marketing.

## The FLSA Applies to Defendants

11. El Capitan and El Capitan-Houston are a single "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

12. El Capitan is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

13. In April 2021, the U.S. Department of Labor, Wage and Hour Division ("WHD initiated an investigation of Defendant El Capitan and Defendant Serrano's wage and hour practices at El Capitan's Hobart, Indiana restaurant from June 6, 2019, through June 5, 2021 ("Investigation Period").[1]

---

[1] Jimenez was not investigated or named as an employer during the Investigation Period because he represented to WHD that he was employed by El Capitan as a cook and did not disclose he was a manager.

14. This investigation found Defendant El Capitan and Defendant Serrano failed to pay employees the overtime premium for hours worked over 40 in a workweek and failed to keep and maintain accurate time and pay records as required by the FLSA.

15. On or about November 8, 2021, the WHD and Defendant El Capitan and Defendant Serrano entered into a Settlement Agreement in Lieu of Litigation ("Agreement").

16. Pursuant to the Agreement, Defendant El Capitan and Defendant Serrano agreed to pay $40,837.10 in unpaid back wages and an equal amount in liquidated damages to 15 current and/or former employees. Defendant El Capitan and Defendant Serrano further agreed to pay employees by December 10, 2021, and to submit proof of payments to WHD.

17. The Agreement also included an anti-retaliation provision stating Defendant El Capitan and Defendant Serrano would not "discriminate against or discharge any employee for participating in any proceeding or asserting any rights guaranteed to such employee under the FLSA, including such employee's right to proper payment under the Act" and that they would not "directly or indirectly, solicit or accept the return or refusal of any sums paid or due" under the Agreement.

18. On or about December 8, 2021, Defendant Serrano submitted to WHD copies of checks allegedly issued to employees as Defendant El Capitan's and Defendant Serrano's preliminary proof of payments.

19. Despite representing to WHD that they were in the process of paying affected employees, Defendants El Capitan, Serrano, and Jimenez appear to have taken very different actions behind the scenes.

20. When Defendants' employees tried to collect their checks and receive the back wages and liquidated damages owed to them, Defendants Serrano and Jimenez coerced the employees to kick back their unpaid wages and liquidated damages that they were owed by:

    a. Misrepresenting the nature of the checks issued to employees;

    b. Misrepresenting to employees the employer did not owe them overtime pay; and

    c. Pressuring employees into signing their checks over to the employer by showing up to employees' houses; calling a staff meeting to instruct employees to sign their checks over to the employer; and implying to employees their hours could get reduced if they did not follow instructions.

21. Some employees did, in fact, comply and sign their checks over to the employer. Because of the Defendants' misrepresentations, many of these employees did not understand these checks were to compensate them for unpaid overtime hours worked.

22. From December 2021 through March 2022, WHD continued to work with Defendant Serrano to obtain compliance with the Agreement and asked him to

submit final proof of payment, *i.e.*, proof that the checks issued to employees had been deposited and cleared.

23. On or about January 2022, Defendant Serrano informed WHD that El Capitan's company bank account had been compromised and closed due to alleged fraudulent activity. Defendant Serrano further informed WHD that El Capitan would re-issue checks to employees who had not yet deposited their checks.

24. In February 2022, WHD mailed Form WH-59, a back wage payment verification form, to the 15 affected employees to verify whether they had received payment of their back wages and liquidated damages.

25. At least six employees responded they had not received the money owed to them.

26. Defendants repeatedly violated Section 215(a)(3) when they coerced employees, through misrepresentations, threats, and intimidation, to kick back or return compensation to which the employees were entitled under the FLSA.

27. As a result of Defendants' retaliatory conduct, a reasonable employee would be dissuaded from engaging in activities protected under the law, such as asserting their right to receive proper compensation or cooperating with an investigation by the Secretary into violations of the FSLA.

28. Moreover, Defendants repeatedly and willfully violated Section 215(a)(3) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

29. Specifically, Defendants acted willfully because they had notice of the FLSA's requirements when they entered into an agreement with WHD agreeing to pay unpaid overtime wages; agreeing to not request kickbacks from or to retaliate against employees; and assuring the Secretary that they would comply with the FLSA in the future.

## Remedies Sought

30. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217.

31. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

32. Furthermore, the three-year period should be equitably tolled because the Secretary spent months engaging the Defendants to determine whether employees had been properly paid pursuant to the terms of the Agreement.

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Section 215(a)(3) of the FLSA, including, but not limited to, by

7

seeking to have any employee kick back or return any compensation that is due to them. 29 U.S.C. § 217(a);

B. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Section 207 of the Act. 29 U.S.C. § 207;

C. Requiring Defendants to permit a representative of the Secretary to notify all current and former employees who are owed back wages and liquidated damages pursuant to the Agreement that they have the right to receive and keep the back wages and liquidated damages due to them, free of any threat of retaliation. 29 U.S.C. § 217;

D. Ordering Defendants to pay the damages owed to current and former employees in the amount of back wages and liquidated damages the employees "kicked back" or returned to Defendants as a result of Defendants' retaliation in violation of Section 15(a)(3) of the Act, as well as post-judgment interest. 29 U.S.C. § 215(a)(3);

E. Providing such other relief as may be necessary and appropriate.

F. Awarding costs and granting such other and further relief as may be necessary and appropriate.

                    Respectfully submitted,

                    **SEEMA NANDA**
                    Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ JoAnn G. Lim
**JOANN G. LIM**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-6990
Lim.joann.g@dol.gov
IL BAR #6300362

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor, United States*
*Department of Labor*

**EXHIBIT A**

1. Nayley Alcarez
2. Anthony Alvarez Jr.
3. Jorge Arroyo
4. Carlos Artiaga
5. Geraldo Avalos
6. Julio Diaz
7. Rachael Jones
8. Consuelo Lopez
9. Gerardo Medrano
10. Jose A. Medrano
11. Jhonny Munoz
12. Olga Rosales
13. Antonio Silva Corral
14. Crystal Snyder