UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br>    Plaintiff, <br><br> v. <br><br> **EL CAPITAN SEAFOOD & MEXICAN RESTAURANT, INC.** d/b/a **EL CAPITAN SEAFOOD & MEXICAN RESTAURANT**, **RICHARD SERRANO**, and **LUIS FERNANDO JIMENEZ**, <br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 2:23-cv-00178 <br> ) (PPS-APR) <br> ) <br> ) Hon. Philip P. Simon <br> ) Hon. Andrew P. Rodovich <br> ) <br> ) <br> ) <br> ) |

## CONSENT JUDGMENT AND ORDER

Plaintiff, **Julie A. Su**, Acting Secretary of Labor ("Acting Secretary"), United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants **El Capitan Seafood & Mexican Restaurant, Inc.** d/b/a **El Capitan Seafood & Mexican Restaurant** ("El Capitan"), **Richard Serrano** ("Serrano"), an individual, and **Luis Fernando Jimenez** ("Jimenez"), an individual (hereinafter collectively, "Defendants"), have appeared by counsel, waived formal service of the Summons and Complaint, filed their Answer, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds that for the periods covered by the Complaint, Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), and 15 of the FLSA in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2) of the Act, employ any of their employees, including, but not limited to, any of their employees working at El Capitan, or at any business location owned, operated, and/or controlled by Defendants,[1] and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless said employees receive

---

[1] References to "any business location owned, operated, and/or controlled by Defendants" includes, but is not limited, to El Capitan Houston- Seafood & Mexican Grill located at 17505 State Highway 249, Houston, Texas, 77064.

compensation for their employment in excess of forty (40) hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2. Defendants shall make, keep and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at El Capitan, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Specifically, Defendants shall maintain accurate and complete records of all hours worked by their employees, including their shift start/stop times, and the overtime premium paid exclusive of the amounts paid at the regular rate. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

3. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

    c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

4. In order to ensure compliance with the Consent Judgment, Defendants shall implement the following measures within **thirty (30) calendar days** from the date of entry of the Consent Judgment:

    a. Display in conspicuous places throughout their establishments for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" issued by the U.S. Department of Labor in both English and Spanish, and further display in conspicuous places throughout their establishments for their employees' viewing the contact information of the Wage and Hour Division.

    b. Defendants Serrano, Jimenez, and all other managers of El Capitan, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, shall review U.S. Department of Labor, Wage and Hour Division's Fact Sheet #21 ("Recordkeeping Requirements

under the Fair Labor Standards Act") and Fact Sheet #22 ("Hours Worked Under the Fair Labor Standards Act"), which are available on the DOL website at: https://www.dol.gov/agencies/whd/fact-sheets/21-flsa-recordkeeping

and

https://www.dol.gov/agencies/whd/fact-sheets/22-flsa-hours-worked.

c. Provide all current and future employees with a copy of the U.S. Department of Labor, Wage and Hour Division's Fact Sheet #21 and Fact Sheet #22 in English and in Spanish.[2] Defendants shall provide these materials to future employees within thirty (30) calendar days of employment or, for current employees, within thirty (30) calendar days of entry of the Consent Judgment. Defendants shall obtain and retain for a period of three (3) years a signed copy of receipt acknowledging an employee's receipt of the fact sheets.

d. Defendants shall install and begin using a timeclock or other computerized timekeeping system to record the hours worked by employees at El Capitan, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work. Defendants shall ensure they pay their employees for all hours worked and only deduct from hours

---

[2] The Spanish versions of these fact sheets are available on the DOL website at:
https://www.dol.gov/agencies/whd/fact-sheets/21-flsa-recordkeeping/espanol
and
https://www.dol.gov/agencies/whd/fact-sheets/22-flsa-hours-worked/espanol.

   worked for breaks of 20 minutes or more and meal breaks of 30 minutes or more. Defendants' timekeeping system shall accurately record employees' time spent on breaks.

 e. For a period of three (3) years from the date of the Consent Judgment, Defendants shall provide each employee on each pay date with a pay stub that accurately reflects the employees' full name, pay period dates, total hours paid, regular rate of pay, straight time hours worked, overtime hours worked, gross wages, net wages, tips received, tip credit taken, and all withholding and deductions taken. All pay and deductions must be recorded and maintained whether payments are made by check or in cash.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $78,799.44 as set forth in Exhibit A.

5. The Acting Secretary shall recover from Defendants the sum of $39,238.47 in back wages covering the period of June 6, 2019, to June 5, 2021, for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $39,560.97 in liquidated damages.

6. The monetary provisions of Paragraph 5 shall be deemed satisfied by Defendants upon the following:

 a. At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver a preliminary payment in the amount of

$39,238.47 (the gross amount of back wages owed) by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region." Within **sixty (60) calendar days** of the entry of this Consent Judgment, Defendants shall deliver the final payment in the amount of $39,560.97 (liquidated damages owed) by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region."

b. Defendants shall also furnish to the Acting Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

c. Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax for the back wages, to the employees or their legal representatives as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

7. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the FLSA.

8. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

It is FURTHER ORDERED, this Court shall retain jurisdiction of this matter

to enforce the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

**SO ORDERED.**

DATED __December 21, 2023__

                                            ___/s/ Philip P. Simon___
                                            **PHILLIP P. SIMON**
                                            United States District Court Judge

The parties hereby consent to the entry of this Consent Judgment:

FOR THE ACTING SECRETARY OF LABOR:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____         DATED: __12/14/2023__
**JoAnn G. Lim** (IL 6300362)
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Rm 844, Chicago, IL 60604
Tel. (312) 353-6990
Fax. (312) 353-5698
lim.joann.g@dol.gov

Attorneys for **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, Plaintiff

FOR EL CAPITAN

_____         DATED: __12-12-23__
**RICHARD SERRANO**
Its President/Owner

<mark>
</mark>

FOR RICHARD SERRANO

_____          DATED: 12-12-23
**RICHARD SERRANO**

FOR LUIS JIMENEZ

_____          DATED: 12-11-23
**LUIS JIMENEZ**

COUNSEL FOR DEFENDANTS

_____          DATED: 12/13/2023
**NANCY J. TOWNSEND**
Partner
Krieg DeVault LLP
8001 Broadway Suite 400
Merrillville, IN 46410-5552

## EXHIBIT A

| Employee | BW Owed (Gross amount) | LD Owed | Total |
|---|---|---|---|
| A. Alvarez Jr. | $380.63 | $380.63 | $761.26 |
| J. Arroyo | $924.38 | $924.38 | $1,848.76 |
| C. Artiaga | $7,003.50 | $7,003.50 | $14,007.00 |
| G. Avalos | $0.00 | $322.50 | $322.50 |
| J. Diaz | $3,155.20 | $3,155.20 | $6,310.40 |
| R. Jones | $326.25 | $326.25 | $652.50 |
| C. Lopez | $6,503.25 | $6,503.25 | $13,006.50 |
| G. Medrano | $4,458.75 | $4,458.75 | $8,917.50 |
| J. Medrano | $4,621.88 | $4,621.88 | $9,243.76 |
| J. Munoz | $3,697.50 | $3,697.50 | $7,395.00 |
| O. Rosales | $1,033.13 | $1,033.13 | $2,066.26 |
| A. Corral | $6,699.00 | $6,699.00 | $13,398.00 |
| C. Snyder | $435.00 | $435.00 | $870.00 |
| **Total** | $39,238.47 | $39,560.97 | **$78,799.44** |